COBB, J.
The first issue raised by this appeal concerns the effect of a failure to serve a supplemental petition for modification of child support on the Department of Revenue. Additionally, there is a claim that the final hearing was improperly noticed.
By order entered on July 31, 1998, the circuit court for Seminole County adjudicated a child support obligation owed by Carlos Marcovitch. The court order was entered pursuant to a motion to establish child support filed by the appellant State of Florida, Department of Revenue on behalf of the mother, Elaqiqia Bonaldy-Sosa. On April 1, 1999, Marcovitch filed a supplemental petition for modification of child support claiming he was currently unemployed due to medical reasons. The child support guidelines worksheet, which was filed at the same time as this supplemental petition, indicates that a copy was mailed to the mother on or about March 31, 1999. The only respondent named in the supplemental petition was the mother.- A final hearing was held on May 3, 1999. The court minutes indicate that the mother was not present. Marcovitch addressed the *945 court on his own behalf and the court abated child support until such time as Marcovitch became employed. The written order was filed on September 27, 1999.
On October 5, 1999, the Department of Revenue, on behalf of the mother, filed a motion for rehearing. The Department argued that the “attorney of record” in this action was the Law Office of Hernán Castro, P.A.[1] and it was not served by Marcovitch. Additionally, the Department claimed that the mother, on her own behalf, wrote a letter to the court asking for a continuance on the grounds that she was in Puerto Rico. She maintained that she received the supplemental petition for modification on April 25, 1999 and could not arrange for travel with such short notice. A hearing took place on December 6, 1999 with the Department representing the mother and Marcovitch appearing pro se. The lower court essentially precluded the Department’s attorney from any argument on the merits and denied the motion for rehearing.
On appeal, the Department notes that this was a Title IY-D case and, as such, the modification proceeding should have been directed to a hearing officer as required by Rule 12.491(d), Family Law Rules of Procedure. Additionally, since the notice of hearing was mailed to the mother on April 21, 1999, indicating a May 3, 1999 hearing, this would have been less than the required 30 days. Rule 1.440(c), Florida Rules of Civil Procedure. Here, strict compliance with Rule 1.440 was required and failure to give the 30 days notice, along with failure to serve the attorney (Florida Rule of Civil Procedure 1.080(b)), is reversible error. Department of Revenue v. Freeman, 762 So.2d 580 (Fla. 5th DCA 2000)(In post-dissolution proceeding, DOR was not given notice with regard to Freeman’s actions and did not have opportunity to be heard). See also Regalado v. Regalado, 743 So.2d 625 (Fla. 2d DCA 1999); Bennett v. Ward, 667 So.2d 378 (Fla. 1st DCA 1995); Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133 (Fla. 5th DCA 1987).
Accordingly, we reverse the order denying the motion for rehearing and the order abating child support and remand for further proceedings with proper notice.
REVERSED AND REMANDED.
THOMPSON, C.'J. and PLEUS, J., concur.

. Hernán Castro was a program attorney with the Department of Revenue Child Support Enforcement Division.