PER CURIAM.
This is a petition for writ of certiorari filed by Carol Paris Wells in which she seeks to have an order of the trial court quashed. We grant the petition and quash the order of the trial court directing Carol Wells to change a provision in her will.
Carol Wells and her ex-husband are involved in litigation concerning an office building. Carol Wells filed a motion for partial summary judgment which was denied by the trial court. At the end of the hearing, the ex-husband, Dwight M. Wells, orally requested that Carol Wells be required to change the provision in her will that pertains to the office building to comply with the marital settlement agreement. Over the objection of Carol Wells, the court directed her to change her will to comply with the settlement agreement within ten days.
Due process requires that a party receive notice and an opportunity to be heard prior to entry of an order that affects her interests. See Hully v. Hully, 653 So.2d 1138 (Fla. 2d DCA 1995). Al *541 though both parties mention the provision of the settlement agreement that pertains to Carol Wells’ will in various pleadings, neither party had requested any relief concerning this provision until Dwight Wells’ oral motion at the summary judgment hearing. Entry of the order directing Carol Wells to change her will deprived her of an interest in the property without any notice and departed from the essential requirements of the law.
The order of the trial court is quashed and this case is remanded for further proceedings.
CAMPBELL, A.C.J., and BLUE and STRINGER, JJ., concur.