850 So.2d 650 (2003)
Louis F. MASIELLO, Appellant,
v.
Roxanne R. MASIELLO, Appellee.
No. 2D02-3357.
District Court of Appeal of Florida, Second District.
July 25, 2003.
Louis Masiello, pro se.
No appearance for Appellee.
CASANUEVA, Judge.
Louis and Roxanne Masiello were married in November 2000 while Mr. Masiello was incarcerated in state prison. His incarceration continued throughout the marriage and into the dissolution proceedings that Mrs. Masiello commenced, pro se, in February 2002. Upon receipt of her petition for dissolution, Mr. Masiello, also pro se, counterpetitioned for annulment, claiming the marriage had never been consummated. He also sought return of several *651 items of property that he had sent to her, as well as a sum of money. We reverse because the trial court allowed this matter to proceed to final hearing without proper notice and erred in entering the final judgment of dissolution without ruling on Mr. Masiello's counterpetition.
Although there were a number of procedural errors, one is particularly symptomatic of the problems encountered in this case. Using forms suggested by the family law rules, Mrs. Masiello filed a notice for hearing to be held on June 13, 2002, without filling in the blank to explain the purpose of the hearing. The trial court's order setting the hearing stated that its purpose was to modify child support and that five minutes were set aside, despite the fact that both parties had alleged in their respective pleadings that no children were born of the marriage.
The hearing took place on June 13, 2002, with Mr. Masiello attending telephonically from prison. At that time, the trial court apparently converted the hearing into a final hearing on Mrs. Masiello's petition for dissolution of marriage. This was improper. Florida Family Law Rule of Procedure 12.440(a) requires the trial court to enter an order setting the matter for trial within a reasonable time from the service of the notice for trial. Here, the trial court never formally set this action for trial. Furthermore, the court unreasonably converted the alleged child support hearing into a final hearing at the moment it discovered that there were no children born of the marriage.
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); cf. Wells v. Wells, 779 So.2d 540, 541 (Fla. 2d DCA 2000) (holding it was error to order the ex-wife to change a provision of her will dealing with certain real property to comply with the parties' marital settlement agreement on an oral motion by her ex-husband at a summary judgment hearing in an action concerning that real property); Busch v. Busch, 762 So.2d 1010, 1011 (Fla. 2d DCA 2000) (holding that upon noticing a hearing on the husband's motion for emergency relief seeking an injunction to keep the wife out of marital home, where the issue of custody was not mentioned, it was error for the trial court to change primary custody of the children to the husband). Here, Mr. Masiello was not fairly apprised that at the June 13, 2002, hearing the court would be trying the dissolution that he contested.
Furthermore, had the trial court followed rule 12.440(a) and ascertained whether the case was ready to be set for trial, it would have discovered, in its review of the court file, the outstanding counterpetition for annulment raising issues concerning property. And, had discovery been complete and the issues joined, the court undoubtedly would have reserved more than five minutes for the trial.
This record also indicates that a default was improperly entered by the clerk of the court against Mrs. Masiello on the counterpetition for annulment. Generally, the clerk is authorized to enter a default when "a party against whom affirmative relief is sought has failed to file or serve any paper in the action." Fla. R. Civ. P. 1.500 (incorporated by reference into Fla. Fam. L.R.P. 12.500). In this case, Mrs. Masiello had filed the petition *652 for dissolution of marriage commencing the action.
We reverse the final judgment of dissolution and remand the cause for further proceedings comporting with the family law rules of procedure and disposing of all outstanding issues in the case.
Reversed and remanded.
WHATLEY and CANADY, JJ., concur.