947 So.2d 668 (2007)
Michael Frank MERRIGAN, Appellant,
v.
Jennifer Lee MERRIGAN, Appellee.
No. 2D05-5178.
District Court of Appeal of Florida, Second District.
January 31, 2007.
*669 Melinda A. Delpech of Melinda A. Delpech, P.A., Sarasota, for Appellant.
No appearance for Appellee.
ALTENBERND, Judge.
Michael Frank Merrigan (the Husband) appeals a final judgment of dissolution of marriage that was entered based upon the report and recommendation of a general magistrate. The judgment was entered without compliance with the appropriate rules of procedure and in a manner that did not accord with due process. We therefore reverse the judgment and remand for further proceedings.
Jennifer Lee Merrigan (the Wife), filed a pro se petition for dissolution of marriage on April 5, 2005. In her petition, she waived any claim to alimony but sought equitable distribution of assets and liabilities. She also sought sole parental responsibility for the two young children of the marriage. She requested limited, supervised visitation, claiming that the Husband had extreme anger toward her. In early May, the Husband filed a pro se answer admitting the marriage was irretrievably broken but denying the Wife's allegations concerning equitable distribution, child custody, and child support. In his answer, he indicated that he intended to file a counterpetition within a few weeks. He explained that he was not serving the Wife because she had not disclosed her current address in her filings.[1] On July 1, 2005, the court entered an order referring the "petition for dissolution of marriage and all other matters related thereto" to the general magistrate and scheduling "a hearing on the above-referenced matters" for thirty minutes on August 24, 2005. Thereafter, the Husband filed his counterpetition for dissolution of marriage, and the Wife answered the counterpetition on July 26, 2005.
Both parties appeared pro se at the hearing on August 24, 2005, which served as an abbreviated trial on the petition. The hearing was digitally recorded, and our record contains a transcript of that hearing. Although the Wife had filed a financial affidavit, it was completely blank as to the family's assets and liabilities. The Husband had not filed a financial affidavit. Neither party provided any documentary evidence. The general magistrate asked each party pointed questions about their assets, debts, income, and what they each wanted with respect to custody and visitation for the two young children of the marriage. The Husband was unemployed, *670 had no source of income, and reported he was disabled due to depression. Both parties expressed concerns about the fitness of the other party as a parent. The general master learned that a custody or psychological evaluation had been ordered in a separate domestic violence proceeding between the parties, but the evaluation was not complete. At one point, the Husband specifically requested that the general magistrate delay a decision on these matters until more information was available.
Despite the summary process leading to the hearing and the dearth of information on the critical issues at the hearing, the general magistrate recommended entry of a final judgment of dissolution of marriage. The recommended final judgment required the Husband to pay child support of $472 per month, declared that there were no marital assets to distribute, and divided approximately $8000 in debts between the parties. Based upon hearsay information provided by a law enforcement officer at the hearing, the recommended judgment awarded the Wife "temporary sole parental responsibility" of the children and prohibited any contact between the Husband and children "pending the outcome of the custody evaluator's findings."
Within ten days of the general magistrate's order, the Husband filed an "objection" to the magistrate's decision, objecting because the financial affidavits had never been completed and both marital assets and debts had been overlooked. The Husband claimed that he was unaware that the hearing was intended to be a final hearing. Nine days later, without a hearing, the trial court entered the proposed final judgment, reciting that the parties had not filed "exceptions" to the magistrate's order. There is no indication that the trial court deemed the Husband's objection to be facially insufficient. His objection was actually filed in the court file prior to the filing of the magistrate's proposed final judgment, and it is likely that the trial court simply overlooked the document. In conjunction with the entry of the "final" judgment containing a "temporary" custody award, the trial court also entered an order appointing a custody evaluator, as if the case were still pending. At this point, the Husband hired a lawyer and filed this appeal.
The procedures followed in this case and the resulting outcome are troublesome on many levels. Although the notice of hearing provided to the parties was done on a form intended to conform to the requirements of Florida Rule of Family Law Procedure 12.490 regarding hearings before a general magistrate, the notice did not fairly apprise the Husband that the hearing would result in a final judgment. It is doubtful that setting a hearing on the "petition for dissolution of marriage and all other matters related thereto" complies with the requirement of rule 12.490(b)(3) that the order state "with specificity the matter or matters being referred." This notice also failed to comply with the procedures required by Florida Rule of Family Law Procedure 12.440(a) for setting a trial or final hearing. This alone merits reversal. See Masiello v. Masiello, 850 So.2d 650 (Fla. 2d DCA 2003). Indeed, in this case it appears that the matter was not ready for a trial given the lack of appropriate financial information and the court's attempt to defer a final decision on custody.
Further, the "temporary" custody provisions in the final judgment denied the Husband any contact with the children when that relief was not specifically requested in the Wife's petition, and the Wife had actually requested that the Husband receive limited, supervised visitation. This too is error. See Ryan v. Ryan, 784 *671 So.2d 1215 (Fla. 2d DCA 2001). It is unclear how the trial court envisioned that it would conduct a subsequent hearing and enter a permanent custody decision after it had entered the final judgment.
We recognize that trial courts are struggling to develop efficient procedures to adequately process pro se dissolution of marriage cases. In some instances, procedures nearly as streamlined as those employed in this case might prove sufficient to identify and perhaps resolve specific cases when the parties appear with limited issues and are amenable to a speedy resolution. However, the procedures in this case were clearly insufficient to provide appropriate notice and an opportunity to be heard on the significant contested issues of child custody, child support, and equitable distribution. Accordingly, we reverse the final judgment of dissolution of marriage and remand for further proceedings. On remand, if the remaining issues are not yet ripe for resolution, the parties may seek appropriate temporary relief from the circuit court.
Reversed and remanded.
VILLANTI, J., and HAYES, HUGH D., Associate Judge, Concur.
NOTES
[1] The file contains a clerk's default that was entered a few days before the answer was filed. It was never set aside, but no one ever attempted to enforce it in this divorce involving children.