WHATLEY, Judge.
 

 Sean P. Teelucksingh appeals the final judgment of dissolution of his marriage to Tara Teelucksingh. We reverse and remand for a new final hearing.
 

 The Husband argues that the trial court failed to comply with the mandatory provision of Florida Family Law Rule of Procedure 12.440(a). Rule 12.440 provides that Florida Rule of Civil Procedure 1.440 shall govern the setting of actions for trial in family law matters, with specified exceptions and additions. Rule 12.440(a) specifies that “[i]f the court finds the action ready to be set for trial, it shall enter an order setting the action for trial, fixing a date for trial ....”
 
 See Reyes v. Reeves Southeastern Corp.,
 
 895 So.2d 1274, 1274 (Fla. 2d DCA 2005) (“Once a party files a proper notice of trial, it is the court’s duty to set the cause for trial.”);
 
 Bennett v. Continental Chemicals Inc.,
 
 492 So.2d 724 (Fla. 1st DCA 1986) (holding that strict compliance with rule 1.440 is mandatory and disapproving local practice of attorney setting case for trial by reserving time on judge’s calendar and sending notice to other party).
 

 In the present case, after the Husband’s attorney had withdrawn, the Wife’s attorney served a notice of final hearing informing the Husband that the cause would be called up for a final hearing on the date and time that a prior order of the court informed him a case management conference would be held. On the date and at the time specified, a final hearing was in fact held without an order to that effect ever having been entered by the trial court. In the final judgment, the trial court’s only comment about any appearance by the Husband was its notation “that the Husband is in Federal Prison in Yazoo, MS. The Court further notes that notice of this hearing was sent to him by counsel for the Wife.” As our discussion above reveals, the court itself was required to enter an order setting the action for trial; the Wife’s having sent the Husband notice did not satisfy rule 12.440(a). Accordingly, we reverse the final judgment of dissolution and remand for a new hearing held in
 
 *38
 
 accordance with the requirements of rule 12.440(a).
 

 We note for purposes of the new final hearing that in the judgment we are reversing, the trial court failed to make findings in support of its equitable distribution of the parties’ assets as required by section 61.075(3), Florida Statutes (2007). Specifically, the trial court awarded the Wife sole ownership of the parties’ three pieces of nonhomestead marital property without any explanation for the unequal distribution.
 
 See
 
 § 61.075(3)(d);
 
 Montalvo v. Montalvo,
 
 949 So.2d 350 (Fla. 4th DCA 2007). In addition, the court failed to address marital liabilities, which each party asserted in their petitions should be equitably distributed.
 

 Reversed and remanded.
 

 ALTENBERND and KELLY, JJ, Concur.