ORFINGER, J.
Melvin L. Stevens, Jr. appeals the trial court’s order denying his motions for relief from judgment.[1] Stevens contends that the final judgment of foreclosure should be set aside because he was never served with the notice of issue or the order setting the trial. We agree and reverse.
Nationstar Mortgage, LLC, filed a foreclosure complaint against Stevens. For a time, Stevens was represented by counsel. However, upon motion, the court authorized Stevens’s counsel to withdraw. The court then directed all papers and pleadings to be served on Stevens at two designated addresses. In time, Nationstar’s counsel filed a notice that the action was at issue and ready for trial. That notice was not served on Stevens as previously ordered. Instead, it was mailed to his former counsel. The trial court’s order setting the case for trial was served only on Nationstar’s counsel. Not surprisingly, Stevens did not appear for the trial and a final judgment of foreclosure was entered against him. He timely filed his various motions for relief from judgment. Without elaboration, the trial court denied the motions.
Every pleading and paper filed in any court proceeding must be served on each party or their counsel. See Fla. R. Jud. Admin. 2.516. This requirement is to satisfy the constitutional requirement of due process. Here, neither the notice of issue nor the order setting trial was served on Stevens. This violated Stevens’s due process rights and requires reversal. See Vosilla v. Rosado, 944 So.2d 289, 294 (Fla.2006) (holding that to satisfy due process, any notiee given must be reasonably calculated, under all circumstances, to apprise *630 interested parties of pendency of action and afford them opportunity to present objections); Heritage Casket & Vault Ind., Inc. v. Sunshine Bank, 428 So.2d 341, 343 (Fla. 1st DCA 1983). For these reasons, we reverse the final judgment and remand this matter for further proceedings.
REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.

. Stevens filed several motions in the trial court, delineating them as a Motion to Set Aside the Final Judgment, a supplement thereto, and an Amended and Verified Motion to Set Aside the Final Judgment. Like the trial court, we consider them in the context of Florida Rule of Civil Procedure 1.540, which authorizes motions for relief from judgment.