DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NADINE ANN BISEL,**
Appellant,

v.

**CHRISTOPHER M. BISEL,**
Appellee.

No. 4D14-1611

[June 3, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. FMCE 10-003847.

Lisa Marie Macci of Lisa Marie Macci, P.A., Boca Raton, for appellant.

Kim L. Picazio of the Law Office of Kim L. Picazio, P.A., Fort Lauderdale, for appellee.

STEVENSON, J.

Former wife appeals an order denying her amended motion to set aside default or default final judgment and motion for relief from judgment. We agree with the majority of former wife's arguments concerning the insufficiency of the notice of hearing mailed to her; thus, we reverse and remand for further proceedings.

The notice of hearing has several problems, the first of which is that the description failed to notify former wife that the trial court would consider and rule upon her supplemental petition for upward modification of child support.[1] *See Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1252 (Fla. 2008) ("'Florida law clearly holds that a trial court lacks jurisdiction to hear and to determine *matters which are not the subject of proper pleading and notice*,' and '[t]o allow a court to rule on a matter without proper pleadings and notice *is violative of a party's due process rights*.'" (quoting *Carroll & Assocs., P.A. v. Galindo*, 864 So. 2d 24,

---

[1] The notice of hearing contained the following description: "FINAL HEARING FOR DEFAULT FINAL JUDGMENT."

28–29 (Fla. 3d DCA 2003))). Secondly, former wife did not receive timely notice of the hearing as it related to her supplemental petition.[2] *See* Fla. R. Civ. P. 1.440(c); *see also Dep't of Revenue v. Marcovitch*, 765 So. 2d 944, 944–45 (Fla. 5th DCA 2000) (reversing order denying motion for rehearing as the evidence established the mother received notice of the final hearing on the father's petition for modification of child support only twelve days before the hearing; the Fifth District cited to the father's failure to comply with rule 1.440 as its basis for reversal). Finally, pursuant to Florida Family Law Rule of Procedure 12.440(a), the trial court—not former husband—"was required to enter an order setting the action for trial." *Teelucksingh v. Teelucksingh*, 21 So. 3d 37, 37 (Fla. 2d DCA 2009).

Based on the forgoing, we find the trial court erred in denying former wife's motion to set aside default final judgment and for relief from judgment. Accordingly, we reverse and remand for further proceedings.

*Reversed and remanded for further proceedings.*

CIKLIN and KLINGENSMITH, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] As it relates to the final default judgment requested by former husband, former wife received timely notice pursuant to Florida Family Law Rule of Procedure 12.440(a); nevertheless, the insufficiencies of the notice render moot compliance with rule 12.440(a)'s time requirement.