IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KIESHA HENDERSON-BULLARD,

      Appellant,

 v.                                    Case No. 5D16-1679

ANDREW TYLER LOCKARD,

      Appellee.

_____/

Opinion filed November 18, 2016

Non-Final Appeal from the Circuit
Court for Brevard County,
Morgan Laur Reinman, Judge.

Jason Brian Phillips, of J. Brian Phillips,
P.A., Orlando, for Appellant.

No Appearance for Appellee.

PER CURIAM.

Kiesha Henderson-Bullard ("the mother") appeals from the trial court's order granting a motion for relief from judgment in favor of Andrew Lockard ("the father"). The parties' underlying paternity dispute has not been resolved, making the order under review non-final. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), (5). Because the trial court erred in vacating the order allowing the mother to relocate with the parties' minor child, we reverse.

In 2014, the mother filed a supplemental petition to relocate to Savannah, Georgia, following her marriage to a Savannah resident. The petition was denied after a hearing.

In 2015, the mother filed a second petition to relocate, which she labeled as an amended supplemental petition. It was served on the father's counsel through Florida's e-filing system at counsel's primary e-portal email address.

When no objection was filed as required by section 61.13001(7)(d), Florida Statutes (2016), the mother obtained an expedited order allowing relocation.[1] Subsequently, the father, claiming he had not been served with the amended petition, filed an emergency motion for relief from judgment. That motion cited no rule as the basis for the relief sought. The father later amended the motion to include a claim that the mother failed to comply with Florida Rule of Civil Procedure 1.190(a) because she did not seek leave of court to amend her initial relocation petition. The trial court granted the father's motion based on a finding that the mother did not properly serve the amended petition on the father's attorney's secondary email address and because the mother did not request leave of court to file the amended petition.

The trial court erred in granting the father's motion. Generally, a judgment entered without service on the parties or other notice violates the parties' due process rights and is void. See Stevens v. Nationstar Mortg., LLC, 133 So. 3d 628, 629 (Fla. 5th DCA 2014) ("Every pleading and paper filed in any court proceeding must be served on each party or their counsel . . . . This requirement is to satisfy the constitutional requirement of due process." (citing Fla. R. Jud. Admin. 2.516)); Viets v. Am. Recruiters Enters., Inc., 922

---

[1] Section 61.13001, Florida Statutes, provides that if a party does not respond by objecting to a relocation petition within twenty days of service, "it is presumed that the relocation is in the best interest of the child and that the relocation should be allowed, and the court shall, absent good cause, enter an order specifying that the order is entered as a result of the failure to respond . . . . The order may be issued in an expedited manner without the necessity for an evidentiary hearing." § 61.13001(3)(a)–(d), Fla. Stat.

So. 2d 1090, 1095 (Fla. 4th DCA 2006) ("A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void.").

Yet, in this case, the father's counsel acknowledged receipt of the amended petition.[2] Thus, the father has not established a due process violation that would require setting aside the order allowing relocation. At the hearing on the amended motion for relief from judgment, the father contended that the service of process was insufficient. The father was correct that the mother did not strictly comply with Florida Rule of Judicial Administration 2.516—she did not send notice to the secondary email address listed on counsel's pleadings. However, lack of strict compliance with the service requirements set forth in rule 2.516 does not render a judgment void, particularly when a party receives notice of the proceedings. Cf. Arthur v. Arthur, 543 So. 2d 349, 352 (Fla. 5th DCA 1989) (noting order not rendered void when actual notice received, party must demonstrate grounds that order was voidable for purposes of rule 1.540 motion).

Thus, the father's motion seeking to vacate the relocation order would need to be brought pursuant to Florida Rule of Civil Procedure 1.540(b)(1)–(3).[3] Neither the father's motion nor his argument at the hearing cited to, or argued, grounds set forth in rule

---

[2] Counsel for the father suggested to the trial court the email address to which the pleading was sent is his "personal" email address as opposed to a "work" email address. This is unpersuasive. The email address listed to which service was sent is the email address listed as the primary address on counsel's pleadings and with the Florida Bar.

[3] See Fla. R. Civ. P. 1.540 ("[T]he court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied . . ."). Family Law Rule of Procedure 12.540 provides that Florida Rule of Civil Procedure 1.540 shall govern relief from judgments, decrees, or orders in family law cases.

3

1.540(b). Nor did the trial court make a finding of excusable neglect. Because the order entered was not void, and the father did not properly plead or establish excusable neglect, the trial court erred in setting aside the order on that basis.

Finally, the trial court also erred in basing its decision to vacate on the mother's failure to seek leave to amend her petition. Although the underlying paternity action remains pending, the original motion for relocation was the subject of a hearing and was denied. Despite its label as an amended supplemental petition, the body of the pleading under review was a separate, subsequent petition to relocate. Because this was not an amendment to an initial pleading, Florida Rule of Civil Procedure 1.190 is inapplicable.

The orders addressed below and on appeal are temporary; at the inception of this appeal, the underlying paternity action remained pending. Our decision today does not foreclose the trial court from reviewing all of the appropriate factors to determine what is in the child's best interest at the time of the final judgment.

REVERSED and REMANDED.

COHEN, WALLIS and LAMBERT, JJ., concur.