DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWARD A. SPECTOR,** individually, and **EDWARD A. SPECTOR, D.D.S., LLC,** a Florida Limited Liability Company,
Appellants,

v.

**CHERYL UBER, JEAN E. SPRAGUE** and **JANINE N. MEYER,**
Appellees.

Nos. 4D17-1178, 4D17-1179 and 4D17-1180

[July 5, 2018]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet C. Croom, Judge; L.T. Case Nos. 562011CA002234, 562011CA002238 and 562011CA002239.

Robin Bresky and Jeremy Dicker of Law Offices of Robin Bresky, Boca Raton, for appellants.

Linda Elise Capobianco and Jerome A. Stone, Jr., of Stone & Capobianco, P.L., Stuart, for appellees.

DAMOORGIAN, J.

In this consolidated appeal, Appellants, Edward A. Spector and Edward A. Spector, D.D.S., LLC, appeal three separate final judgments entered in Appellees, Cheryl Uber, Jean Sprague, and Janine Meyer's, individual lawsuits against Appellants. For the reasons set forth below, we reverse the judgments entered in Ms. Uber's and Ms. Sprague's cases but affirm the judgment entered in Ms. Meyer's case.

Briefly, each Appellee separately sued Appellants in 2011. Appellants were represented by the same attorney in each case from the inception of the lawsuits until June 2, 2016, when the court entered identical orders in each case granting Appellants' counsel's motion to withdraw. The orders provided that until Appellants obtained new counsel, all future notices, pleadings, and orders should be served on Appellants at a designated mailing address. Neither Appellant obtained new counsel until they initiated the instant appeal.

Before to Appellants' counsel's withdrawal in Ms. Meyer's case, the court issued an order setting the case for trial. The service list reflects that this order was served on Appellants' counsel. Similar orders (with different trial dates) were issued in Ms. Uber's and Ms. Sprague's cases, but those orders were issued after Appellants' counsel withdrew. Despite the timing, the service list for the orders in Ms. Uber's and Ms. Sprague's cases reflect that the orders were also served on Appellants' former counsel and were not sent to Appellants at the address designated in the orders granting counsel's motion to withdraw.

Appellees' individual trials proceeded as scheduled in the court's orders setting the trials. Neither Appellant appeared at any of the trials. The juries found in favor of Appellees in each case and the court entered corresponding final judgments. On appeal, Appellants argue that these judgments are void for lack of notice.

"Whether a judgment is void is a question of law reviewed de novo." *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015). It is well established that due process requires that "[e]very pleading and paper filed in any court proceeding must be served on each party or their counsel." *Stevens v. Nationstar Mortg., LLC*, 133 So. 3d 628, 629 (Fla. 5th DCA 2014) (citing Fla. R. Jud. Admin. 2.516). "A judgment is void if, in the proceedings leading up to the judgment, there is '[a] violation of the due process guarantee of notice and an opportunity to be heard.'" *Shiver v. Wharton*, 9 So. 3d 687, 690 (Fla. 4th DCA 2009) (alteration in original) (quoting *Viets v. Am. Recruiters Enters.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006)). Therefore, a final judgment is void if a party was not provided with notice of the hearing producing the judgment. *Watson v. Watson*, 583 So. 2d 410, 411 (Fla. 4th DCA 1991) (reversing order denying motion to set aside a final judgment where the court did not mail the notice of trial to the party's correct address because "a judgment entered without notice to a party is void").

Here, the order setting trial in Ms. Meyer's case was sent to Appellants' counsel before counsel withdrew. Accordingly, the record reflects that Appellants were afforded proper notice in Ms. Meyer's case. *See Niki Unlimited, Inc. v. Legal Servs. of Greater Miami*, 483 So. 2d 46, 49 (Fla. 3d DCA 1986) (service of notice of hearing upon party's counsel of record who had not yet officially withdrawn was sufficient to satisfy due process). Appellants' suggestion that former counsel failed to inform them of the notice is immaterial to the issue of whether notice was properly provided. *See Comprehensive Health Ctr., Inc. v. United Auto. Ins. Co.*, 56 So. 3d 41, 43–44 (Fla. 3d DCA 2010) (when a party is represented by counsel and counsel is properly served with a notice of a proceeding, that the attorney

did not communicate the notice with the client is not an excuse for non-attendance because "notice to the attorney constitutes notice to the client").

The Uber and Sprague judgments, however, present a different scenario. In those cases, the orders setting trial were served <u>after</u> Appellants' counsel withdrew. Although the orders of withdrawal provided that all papers and pleadings should be served on Appellants at a designated address, the notices setting trial were not served as ordered but were instead sent to Appellants' former counsel. This violated Appellants' due process rights and requires reversal. *Stevens*, 133 So. 3d at 629 (holding that judgment of foreclosure was void where notice setting trial was served on defendant's former counsel after counsel withdrew instead of on defendant as provided in the order permitting counsel to withdraw).

Based on the foregoing, the judgments in Ms. Uber's and Ms. Sprague's cases, Case Nos. 17-1178 and 17-1179, are reversed and the cases are remanded for further proceedings. The judgment in Ms. Meyer's case, Case No. 17-1180, is affirmed.

*Affirmed in part, reversed in part and remanded.*

KLINGENSMITH and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***