IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KLAUS GOERSCH AND
BRIGITTE GOERSCH,

      Appellants,

v.                                    Case No. 5D17-386

CITY OF SATELLITE BEACH,

      Appellee.

_____/

Opinion filed July 20, 2018

Appeal from the Circuit Court
for Brevard County,
John M. Harris, Judge.

Clifford R. Repperger, Jr., of Rossway Swan
Tierney Barry Lacey & Oliver,
P.L., Melbourne, for Appellants.

Clifford B. Shepard and Patrick Brackins, of
Shepard, Smith, Kohlmyer & Hand, P.A.,
Maitland, for Appellee.

TORPY, J.

      We address an issue of first impression for this Court regarding whether a motion

for sanctions served pursuant to section 57.105(4), Florida Statutes (2015), must be

served in accordance with Florida Rule of Judicial Administration 2.516, even though the

motion may not be filed, if at all, until after the expiration of a safe harbor period. Several

of our sister courts have reached conflicting dispositions on this and an analogous issue regarding proposals for settlement, which, similar to section 57.105 motions, are served but not contemporaneously filed. We affirm and hold that a section 57.105 motion must be served in strict compliance with rule 2.516.

Section 57.105 provides a statutory mechanism for recovery of attorney's fees when asserted claims or defenses fall below the statutory threshold. Procedurally, it involves a two-step process. § 57.105(4), Fla. Stat. First, the movant must serve the motion on the opposing party, but may not immediately file the motion. *Id.* Second, only if the opposing party fails to withdraw or otherwise correct the challenged claim or defense within twenty-one days may the movant file the motion with the court and pursue sanctions by hearing. *Id.* The statute is silent on particular procedures for serving or filing the motion. Accordingly, it is necessary to look to the Florida Rules of Civil Procedure for direction.

Florida Rule of Civil Procedure 1.080 is the starting point for service of pleadings, orders and "every other document filed in the action." Fla. R. Civ. P. 1.080(a). It requires service in conformity with rule 2.516. Similar to rule 1.080, rule 2.516 addresses service of pleadings and "every other document filed in any court proceeding." Fla. R. Jud. Admin. 2.516(a). It mandates service by e-mail and compliance with certain technical requirements, including service to all designated e-mail addresses, attachment of the documents being served in "PDF" format, inclusion of specific identifying data in the subject line and body of the e-mail, and a limitation on the size of the e-mail and documents attached thereto. Fla. R. Jud. Admin. 2.516(b)(1)(E). In addition, **but not in**

**lieu of**, redundant service may be accomplished by traditional means such as mail, facsimile, or personal delivery. Fla. R. Jud. Admin. 2.516(b)(2).

In this case, Appellants' initial e-mail service of the motion admittedly did not comply with the requirements of rule 2.516 in several respects. After the twenty-one-day safe harbor period expired, Appellants filed the motion and served it a second time, at which point they complied with the rule 2.516 service requirements. When sanctions were sought, Appellee challenged the sufficiency of the first service. Relying on *Matte v. Caplan*, 140 So. 3d 686 (Fla. 4th DCA 2014), and although expressing reservation, the trial court denied fees because the initial e-mail service did not comply with rule 2.516. In *Matte*, the Fourth District Court of Appeal held that "strict compliance with Florida Rule of Judicial Administration 2.516 regarding e-mail service . . . is required before a court may assess attorney's fees pursuant to section 57.105, Florida Statutes." 140 So. 3d at 690.

The Second District subsequently expressed conflict with *Matte*, but not with the notion that strict compliance with rule 2.516 is necessary. Instead, it concluded that rule 2.516 is not applicable at all because a section 57.105 motion is not a document "filed in any court proceeding." *Isla Blue Dev., LLC v. Moore*, 223 So. 3d 1097, 1099 (Fla. 2d DCA 2017). In reaching this conclusion, the Second District followed an earlier decision from that court, which applied the same reasoning to conclude that rule 2.516 does not apply to a proposal for settlement. *Boatright v. Philip Morris USA, Inc.*, 218 So. 3d 962 (Fla. 2d DCA 2017). Indeed, it appears that the Second District correctly concluded that the holding in *Boatright* governed its disposition in *Isla Blue Development, LLC*, given that section 57.105 motions and proposals for settlement share a similar characteristic: neither

3

are filed contemporaneously with the initial service.[1]  Nonetheless, because we disagree with the Second District's conclusion that "filed in any court proceeding" under rule 2.516(a) means contemporaneously filed, we reject Appellants' claim that rule 2.516 is inapplicable.

The plain language of rule 2.516 leads us to the inescapable conclusion that the timing of the "filing" is of no consequence to the requirement of service under the rule. The rule says "filed," not immediately filed or contemporaneously filed. The motion at issue here was ultimately "filed," albeit much later than when it was initially served. Had it not been filed at some point the document would have been inconsequential and this entire dispute avoided.  Our conclusion on this point is buttressed by rule 2.516(d), which governs the **timing** of the filing of the **document**. It requires that all documents "must be filed with the court either before service or immediately thereafter, **unless otherwise provided for by general law** or other rules."  Fla. R. Jud. Admin. 2.516(d) (emphasis supplied). Accordingly, rule 2.516 contemplates two temporal categories of **filed** documents—those that are filed immediately and those that are filed at some other time. No distinction is made in the rule regarding **service** of these two distinct categories of documents.  In the case of a section 57.105 motion, the general law controls the **timing**

---

[1] Without mentioning *Matte*, but instead following the logic of the Second District in *Boatright*, the Fourth District concluded in *McCoy v. R.J. Reynolds Tobacco Co.*, 229 So. 3d 827 (Fla. 4th DCA 2017), that rule 2.516 does not apply to proposals for settlement. Presumably, it concluded that *Matte* was not in tension with its decision because *Matte* did not expressly address the applicability of rule 2.516. The *McCoy* court did, however, express conflict with *Wheaton v. Wheaton*, 217 So. 3d 125 (Fla. 3d DCA 2017), *review granted*, No. SC17-716, 2017 WL 4785810 (Fla. Oct. 24, 2017), which had, in part, relied upon *Matte* to conclude that proposals for settlement must be served in accordance with rule 2.516.

4

**of the filing.** The earliest it can be filed is twenty-two days after service. § 57.105(4), Fla. Stat.

Prior to the adoption of rule 2.516 in 2012, rule 1.080 provided the methods of service for "paper[s] filed in the action." Fla. R. Civ. P. 1.080(a) (2011). Motions of this nature—like all other motions—were routinely served in accordance with this rule, bearing a certificate of service as prescribed by the rule, even though they were not "filed" immediately. *See* Fla. R. Civ. P. 1.080(b), (c), (f) (2011). When ultimately filed, the practice was to serve a notice of filing, not to serve a second copy of the same motion with a supplemental certificate of service. The rule has never required the **motion** to be served twice. Service and filing are distinct acts. Now, with e-mail service and e-filing, when applicable, the motion is served by e-mail. Then, after the passage of the safe harbor period, it is filed through the e-portal and sent to the other party via e-mail directly through the e-portal system. *See* Fla. R. Jud. Admin. 2.525(e) (governing e-service of filed documents). Although the motion is now served twice simply because of the design of the e-portal system, there is no indication that the change to e-mail service and e-filing was intended to alter the category of "documents" or "papers" that are to be governed by rule 1.080, which now directs service in conformity with rule 2.516. The "filed in the action" modifier is substantially the same in both generations of rule 1.080. Even though the motion is now served twice, the redundant service at the time of filing cannot cure the defect in the original service without undermining the letter of the statute and the purpose of the safe harbor period.

Apart from our literal interpretation of the rule, we think it is also significant that there is no other rule or statute that governs the procedure for service of documents of

5

the nature we address here. If the Second District is correct, there is a gaping hole in the rules of procedure for "documents" that are served first and filed later. We cannot discern anything in the history of this rule change manifesting an intent by the drafters to alter by exclusion the procedure for service of this hybrid form of document. Nor do we think our high court intended the change to create a void in the rules of procedure for service of this category of document. In our view, like its predecessor, the revised rule 1.080 (which now incorporates rule 2.516's service requirements) is the rule that was intended to govern the **service** of **any** document to be filed in any action, regardless of the timing of the filing.

Accordingly, we certify conflict with our sister court in *Isla Blue Development, LLC* and align ourselves with *Wheaton v. Wheaton,* 217 So. 3d 125 (Fla. 3d DCA) (holding that service requirements of rule 2.516 apply to proposals for settlement even though proposals are not filed contemporaneously with service), *review granted*, No. SC17-716, 2017 WL 4785810 (Fla. Oct. 24, 2017), for the reasons therein expressed and the additional reasons we express herein.

Although Appellants do not direct our attention to any decision that conflicts with *Matte*'s holding that strict compliance with rule 2.516 is mandated by the language of that rule, they urge that *Matte* is incorrect and, to the extent rule 2.516 applies, present the alternative argument that substantial compliance is sufficient. We disagree. As our sister court in *Matte* reasoned, this rule uses mandatory language. The technical dictates for e-mail service in the rule further evince an intent to mandate strict compliance with all of the identified stringent standards for e-mail service to lessen the potential for an inconspicuous e-mail to get buried in the voluminous inbox of a busy practitioner in the

6

modern, fast-paced practice of law. Besides the practical dilemma for trial courts in applying a somewhat nebulous substantial compliance test, with the inherent result of inconsistency and the potential for proliferation of evidentiary hearings, a relaxed rule of service might undermine e-mail service altogether.[2] Accordingly, for the reasons expressed in *Matte* and the additional reasons expressed herein, we hold that strict compliance is required. Because Appellants concede that they did not strictly comply with rule 2.516 when they initially served the section 57.105(4) motion, we affirm the trial court's denial of fees on this alternative argument.

In rejecting Appellants' substantial compliance argument, we have not overlooked our decision in *Henderson-Bullard v. Lockard,* 204 So. 3d 568 (Fla. 5th DCA 2016). That case did not hold that strict compliance with rule 2.516 is unnecessary, as Appellants contend. The holding in *Lockard* was that a lack of strict compliance with the rule does not render a judgment void, an entirely different issue. Our decision there turned on the application of Florida Rule of Civil Procedure 1.540, not the interpretation of rule 2.516.

Nor do we believe that relaxed compliance with rule 2.516 is authorized by *Kuhajda v. Borden Dairy Co. of Alabama*, 202 So. 3d 391 (Fla. 2016). In that case, the rule of procedure required that a proposal for settlement include an element that was not required by the statute addressing the substance of proposals for settlement. *Id.* at 395. The Florida Supreme Court concluded that the procedural rule should not "trump" the statute or otherwise "be strictly construed to defeat a statute it is designed to implement."

---

[2] The test for "substantial compliance" is heavily grounded in whether an omission causes prejudice. *See, e.g.*, *Bank of N.Y. Mellon v. Johnson*, 185 So. 3d 594 (Fla. 5th DCA 2016). In a case like *Isla Blue Development, LLC*, where actual service was accomplished in the traditional manner, prejudice might not be apparent, yet there was not even an attempt to comply with the e-mail service requirement in that case.

*Id.* at 395-96. Here, by contrast, there is no conflict between the rule and the statute. Section 57.105 does not specify a method of service. If it did, then the statute would control, because rule 2.516(a) expressly defers to statutorily prescribed methods of service.

AFFIRMED; CONFLICT CERTIFIED.

JOLLEY, M.G., Associate Judge, concur.
BERGER, J., dissents with opinion

8

I disagree with the majority based on the reasoning set forth in Isla Blue Development, LLC v. Moore, 223 So. 3d 1097 (Fla. 2d DCA 2017) (concluding email service requirements of rule 2.516(b)(1) do not apply to section 57.105(4) motions, which provide that the required twenty-one-day safe harbor notice "must be served but may not be filed with or presented to the court") and Boatright v. Philip Morris USA, Inc., 218 So. 3d 962 (Fla. 2d DCA 2017) (concluding email service requirements of rule 2.516(b)(1) do not apply to proposals for settlement unless the proposals are attached to motions for acceptance or enforcement under section 768.79(3), Florida Statutes (2013), or Florida Rule of Civil Procedure 1.442(d) and are filed in court).  As such, I would reverse the order of the trial court and certify conflict with Matte v. Caplan, 140 So. 3d 686 (Fla. 4th DCA 2014), the case on which the majority relies.[3]

Accordingly, I dissent.

---

[3] There is no notable difference between the language in section 57.105(4), which states, "[a] motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected" and section 768.79(3), which provides, "[t]he offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section."  Without any explanation or reference to the other, the Fourth District Court of Appeal reached opposite conclusions in Matte, 140 So. 3d at 690 (concluding strict compliance with rule 2.516 applies to section 57.105 motions that are served with required 21 day safe harbor notice but not filed with court), and McCoy v. R.J. Reynolds Tobacco Co., 229 So. 3d 827, 829 (Fla. 4th DCA 2017) (concluding initial offer of judgment is outside email service requirements of Rule 2.516(a)).