PER CURIAM.
The appellant, Barbeque Integrated, Inc. ("BBI"), appeals the trial court's order denying its motion for attorney's fees filed under section 768.79, Florida Statutes (2017). BBI had previously obtained a final summary judgment in its favor against the appellee, Win-Development, LLC, and thereafter sought an award of attorney's fees under its earlier offer of judgment served pursuant to this statute. The trial court denied the motion, relying on the Third District Court of Appeal's holding in Wheaton v. Wheaton , 217 So.3d 125 (Fla. 3d DCA 2017), that the failure to comply with the email service provisions of Florida Rule of Judicial Administration 2.516 rendered an offer of judgment served under section 768.79 and proposal for settlement served under Florida Rule of Civil Procedure 1.442 unenforceable.[1]
*1292 Subsequent to the trial court entering the order under review, the Florida Supreme Court quashed the Third District Court's decision in Wheaton , holding that the plain language of section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 does not require service by email and thus the email service provisions of Florida Rule of Judicial Administration 2.516 do not apply. Wheaton v. Wheaton , 261 So.3d 1236, 1244 (Fla. 2019). Accordingly, we reverse the order denying BBI's motion for attorney's fees and remand for further proceedings.
REVERSED and REMANDED.
EVANDER, C.J., BERGER and LAMBERT, JJ., concur.

The trial court also based its denial order on this court's opinion in Goersch v. City of Satellite Beach , 252 So.3d 309 (Fla. 5th DCA 2018). In Goersch , we addressed whether a motion for sanctions brought pursuant to section 57.105(4), Florida Statutes (2015), must be served in strict conformity with Florida Rule of Judicial Administration 2.516. Id. at 309. We held that it did and, in doing so, we specifically aligned ourself with the now-quashed decision of the Third District Court in Wheaton . Id. at 312. However, Goersch is not directly applicable here as it did not involve the offer of judgment statute, and we therefore decline to address its continuing viability subsequent to the Supreme Court's opinion in Wheaton . Furthermore, a request for the Florida Supreme Court to exercise discretionary jurisdiction to review Goersch is currently pending in Case Number SC18-1429.