DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARY FAIN,**
Appellant,

v.

**TREZZVANT SPIVEY** and **PATRICE E. MORGAN,**
Appellees.

No. 4D20-475

[July 14, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE17-8611 (04).

Mary Fain, Fort Lauderdale, pro se.

Caryn L. Bellus and Joanne I. Nachio of Kubicki Draper, P.A., Miami, for appellee Patrice E. Morgan.

WARNER, J.

Florida Rule of Civil Procedure 1.440(c) requires thirty days' notice of trial. Appellant Mary Fain received no notice of trial on her complaint for negligence against appellee before being called the day before its commencement. She lost at trial and challenges the final judgment. We reverse, as without notice of trial she was denied due process, resulting in prejudice. We reverse for a new trial.

Appellant filed suit against appellee and another defendant for two different automobile accidents that occurred within a short period of time from each other and each of which she alleged caused her injuries. At the time of filing appellant was represented by two law firms. They filed a notice of readiness for trial, but then the law firms filed a joint motion to withdraw which was granted. Appellant decided to proceed pro se, and the court order directed that all pleadings be sent to her at her post office box address.

After several trial dates and continuances, the court entered an order setting the case for trial with a mandatory calendar call on January 24,

2020.  The order was sent by email to appellant's withdrawn attorney's email.  Appellant did not appear at calendar call.  The trial was set for February 3, 2020.  When appellant was called for trial on that day, she protested and was told that trial would begin the following day.

At the beginning of trial, which was set before a substitute judge, appellant told the judge that she did not get notice of the trial until she was called the day before.  She requested more time, as she needed to obtain documents which she did not have with her, nor did she have her witnesses.  Appellee's counsel noted that appellant had not filed any witness list or document list as required by the order setting trial, and his client objected to a continuance.  Over her continued objection, the trial court started the trial, which resulted in a verdict in favor of appellee.  Appellant obtained a small verdict against the other defendant who had defaulted.  Appellant then appealed the final judgment entered in favor of appellee.

Florida Rule of Civil Procedure 1.440(c) provides in part:

> If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial.  **Trial shall be set not less than 30 days from the service of the notice for trial**.

(emphasis added).  The provision of rule 1.440(c) that trial "shall" be set not less than thirty days from service of notice is "mandatory."  *Genuine Parts Co. v. Parsons*, 917 So. 2d 419, 421 (Fla. 4th DCA 2006).  Rule 1.440 was designed to be a safeguard for procedural due process.  *Labor Ready Se. Inc. v. Australian Warehouses Condo. Ass'n*, 962 So. 2d 1053, 1055 (Fla. 4th DCA 2007) (citing *Grossman v. Fla. Power & Light Co.*, 570 So. 2d 992, 993 (Fla. 2d DCA 1990)).

Florida Rule of Judicial Administration Rule 2.516(a) requires all pleadings and orders to be served on each party.  In this case, the court had directed that all pleadings and orders be sent to appellant at appellant's post office box, yet the court sent the order setting trial to her attorneys who had withdrawn over a year prior.  The subsequent phone call to appellant the day before commencement of trial does not provide the notice required in rule 1.440(c), nor does it provide due process of law.  Because appellant did not receive the order setting trial, she did not comply with its provisions to file her list of witnesses and exhibits, and she did not have her witnesses available for trial.  She was clearly prejudiced by the lack of notice.

2

This same scenario occurred in *Stevens v. Nationstar Mortgage, LLC.*, 133 So. 3d 628 (Fla. 5th DCA 2014). In that mortgage foreclosure proceeding, the attorney for the mortgagor withdrew, and the court ordered that the pleadings be served on two designated addresses for the pro se mortgagor. Nevertheless, the trial court's order setting the case for trial was served only on the mortgagee's counsel and not the mortgagor. The mortgagor failed to appear at trial, and judgment was entered in favor of the mortgagee. The Fifth District reversed an order denying relief from judgment, holding that the failure to serve the order setting trial on the mortgagor was a denial of due process, necessitating a new trial. *Id.* at 629–30.

Similar to *Stevens*, appellant was denied due process when she was not properly notified of the trial. While she did appear at trial, she was unprepared and without witnesses or documents she needed to support her case. The lack of notice of trial was clearly prejudicial to her. For this reason, we reverse and remand for a new trial.

*Reversed and remanded for further proceedings.*

GERBER and ARTAU, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3