# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2182
Lower Tribunal No. 18-29446
_____

**Erica Korman,**
Appellant,

vs.

**Jared Shapiro,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Abramowitz & Associates, and Jordan B. Abramowitz, for appellant.

Mitrani, Rynor, Adamsky & Toland, P.A., and Jeffrey A. Rynor and Pamela A. Chamberlin, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

BOKOR, J.

This is an appeal of the trial court's: (1) non-final "order entering judicial default against petitioner/former wife for failure to file an answer to former husband's supplemental petition to modify parental responsibility, time sharing, and other relief"; and (2) "supplemental final judgment modifying parental responsibility, parenting plan/time-sharing schedule and other relief." This court has jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); Fascetti v. Fascetti, 795 So. 2d 1094, 1095 (Fla. 4th DCA 2001) ("Appellant, therefore, may challenge the default and the order denying vacation of that default on plenary appeal of the final judgment entered below.").

There are two pertinent issues here. First, did Korman get notice prior to entry of default against her? Korman, while pro se, didn't designate an email address, and service wasn't accomplished pursuant to Florida Rule of General Practice and Judicial Administration 2.516(b)(1)(C). "[L]ack of strict compliance with the service requirements set forth in rule 2.516 does not render a judgment void, particularly when a party receives notice of the proceedings." Henderson-Bullard v. Lockard, 204 So. 3d 568, 570 (Fla. 5th DCA 2016). Korman was served, by email, with all the relevant pleadings and orders in this case at the email that was on the face of both counsels' motions to withdraw and the respective orders granting the same. Further, as Shapiro notes, "the motion for rehearing was verified by Korman, and the

2

attachment to the motion indicates that electronic verification was accomplished via emails with . . . the same email address that had been used by the court and Shapiro for service on Korman during the periods she had been *pro se*."

While we don't grant Korman relief on that ground, we must examine how the trial was set. Per Florida Family Law Rule of Procedure 12.440(c):

> If the court finds the action ready to be set for trial, it shall enter an order setting the action for trial, fixing a date for trial, and setting a pretrial conference, if necessary. In the event a default has been entered, reasonable notice of not less than 10 days shall be given unless otherwise required by law.

The rule requires that the court must enter an order setting the action for trial; a notice sent by the opposing party is insufficient. See Teelucksingh v. Teelucksingh, 21 So. 3d 37, 37 (Fla. 2d DCA 2009) ("As our discussion above reveals, the court itself was required to enter an order setting the action for trial; the Wife's having sent the Husband notice did not satisfy rule 12.440(a). Accordingly, we reverse the final judgment of dissolution . . . ."); Bisel v. Bisel, 165 So. 3d 833, 834 (Fla. 4th DCA 2015) ("Finally, pursuant to Florida Family Law Rule of Procedure 12.440(a), the trial court—not former husband—'was required to enter an order setting the action for trial.'" (quoting in part Teelucksingh, 21 So. 3d at 37)); Merrigan v. Merrigan, 947 So. 2d 668, 670 (Fla. 2d DCA 2007) ("This notice also failed to comply with

the procedures required by Florida Rule of Family Law Procedure 12.440(a) for setting a trial or final hearing.  This alone merits reversal."); Masiello v. Masiello, 850 So. 2d 650, 651 (Fla. 2d DCA 2003) (finding that the trial court improperly converted a hearing into a final hearing based on Florida Family Law Rule of Procedure 12.440(a)).

In this case, the trial court entered an order on May 3, 2021, setting a case management conference for June 30, 2021.  On June 22, 2021, just eight days before the hearing (not ten days as required by rule), Shapiro filed a notice of hearing for June 30, 2021, to hear his "motion to enforce timesharing on child's birthday and private school expense" and his supplemental petition.  Shapiro's notice indicated that the hearing should be "[a]dd[ed] on to Case Management Conference scheduled on June 30th, 2021 at 11:00 A.M. –12:00."  Based on the rule and cases cited above, this was insufficient notice for a final hearing.

Reversed and remanded for further proceedings.